| | |
|---|---|
| Darren S. Simmons, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Willie L. Eagleton, Warden, )<br>    Respondent. )<br>_____ ) | Case No. 2:10-cv-2025-RMG<br><br>**ORDER** |

This matter is before the court on Petitioner's *pro se* petition for a writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On August 17, 2010, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without issuance and service of process. (Dkt. No. 8). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed Objections to the Report August 25, 2010. (Dkt. No. 12).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Prior to filing a second or successive petition under § 2254, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Here, Petitioner has failed to do so.

Because Petitioner did not seek and receive authorization from the Fourth Circuit prior to filing the Petition, this court is without jurisdiction to consider the Petition. Therefore, it must be dismissed without prejudice and without issuance and service of process. If Petitioner later seeks authorization and is successful in seeking authorization to file a successive petition from the Fourth Circuit, he may then return to this court with his Petition.

This Petition is dismissed without prejudice as this court is without jurisdiction to consider it.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4 th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 25, 2010
Charleston, South Caorlina